THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Chevrolet of
 North Charleston, d/b/a Gene Reed Chevrolet, Inc., Plaintiff,  
 
 
 
 

v.

 
 
 
 Azalea Motors,
 LLC, Defendant/Third
 Party Plaintiff,
 
 
 

v.

 
 
 
 South Carolina
 Department of Motor Vehicles, Defendant,
 
 of whom Azalea
 Motors, LLC is the Appellant,
 
 and South
 Carolina Department of Motor Vehicles is the Respondent.
 
 
 
 
 

Appeal From Charleston County
 Mikell R. Scarborough, Special Circuit
Court Judge

Unpublished Opinion No.   2011-UP-039
 Heard October 6, 2010  Filed February 1,
2011

AFFIRMED

 
 
 
 Thomas R. Goldstein, of Charleston, for
 Appellant.
 Stephanie Pendarvis McDonald and Robin L.
 Jackson of Charleston, for Respondent.
 
 
 

PER CURIAM:  On appeal, Azalea Motors, LLC, (Azalea) argues
 the trial court erred in granting summary judgment on its claim for gross
 negligence against the South Carolina Department of Motor Vehicles (the
 Department).  Specifically, Azalea asserts the trial court erred in concluding
 the Department was neither liable under the public duty rule nor owed a "special
 duty" to Azalea when the Department issued a South Carolina certificate of
 title upon the presentment of a counterfeit Wisconsin certificate of title
 bearing a vehicle identification number of a non-stolen vehicle.
In support of its argument, Azalea
 contends the Department's failure to utilize a digital blue microscope to
 ascertain the authenticity of the counterfeit Wisconsin certificate of title
 constituted a breach of its duty of care pursuant to section 56-19-40 of the
 South Carolina Code (2006).  Additionally, Azalea asserts the trial court erred in concluding the
 Department did not violate sections 56-19-260 and 56-19-270 of the South
 Carolina Code (2006).  In support of this argument, Azalea contends the trial
 court erred by concluding (1) the Department properly issued a South Carolina
 certificate of title when the Department conducted a National Crime Information
 Center database search, which did not indicate the vehicle was stolen and (2)
 the Department was obligated to issue the South Carolina certificate of title
 when the Department's clerk did not have any "reasonable grounds" to
 believe the counterfeit Wisconsin certificate of title contained a fraudulent
 or false statement.  Rather, Azalea contends the Department has a duty to
 examine certificate of titles. 
As an additional
 ground for granting summary judgment in favor of the Department, the trial
 court concluded Azalea's claim was also barred pursuant to the South Carolina
 Tort Claims Act.  Azalea failed to appeal this ruling.  As a result, we affirm
 the trial court's grant of summary judgment in favor of the Department pursuant
 to Rule 220 (b)(1), SCACR, and the following authority: Jones
 v. Lott, 387 S.C. 339, 346, 692
 S.E.2d 900, 903 (2010) ("Under the two issue rule, where a decision is
 based on more than one ground, the appellate court will affirm unless the
 appellant appeals all grounds because the unappealed ground will become the law
 of the case.").  
Accordingly, the trial court's
 decision is
AFFIRMED.
WILLIAMS, PIEPER, and KONDUROS,
 JJ., concur.